## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DIRK HUGO, | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 25 MC 60351 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Defendant.* | ) | |

## OPINION AND ORDER

Plaintiff Dirk Hugo moves *pro se* for reconsideration of the Court's October 25, 2025 Minute Entry (hereinafter, the "Order") denying his Motion to Compel. For the following reasons, Hugo's Motion for Reconsideration [7] is denied.

## BACKGROUND

In December 2024, Hugo was indicted with one count of unlawfully possessing a firearm as a convicted felon. *See United States v. Hugo*, No. 24-CR-567, Dkt. 1. The case proceeded before Judge Martha M. Pacold. Over the course of several months, Judge Pacold and Magistrate Judge Kerri L. Holleb Hotaling denied Hugo's multiple attempts to delay or avoid trial, which were grounded in baseless allegations of judicial and prosecutorial conspiracy and fraud. *See Hugo*, No. 24-CR-567, Dkts. 82, 135, 136, 138, 144, 168, 178, 193.

On October 8, 2025, Hugo filed two Motions to Compel and a Request for Judicial Notice in this Court. (Dkts. 1, 2, 3). These motions were initially filed before Judge Pacold. *See Hugo*, No. 24-CR-567, Dkts. 103, 133, 146. In the Motions to Compel, Hugo sought grand jury materials associated with his criminal case in front of Judge Pacold. (Dkts. 1, 2). He argued that he needed the materials to show that the grand jury proceedings were fraudulent and that the criminal charge against him should be dismissed. (Dkt. 1 at 1-7); (Dkt. 2 at 1-7). He also asked the Court to take judicial notice of "prosecutorial and judicial corruption;" a "criminal conspiracy" by government officials to kidnap him; and attempts by the same officials to "commit warcrimes [sic], torture, domestic terrorism, and treason." (Dkt. 3 at 1-8). On October 25, 2025, the Court denied Hugo's Motions and Request for Judicial Notice. (Dkt. 6). The Court noted that Judge Pacold had denied similar motions brought by Hugo and directed Hugo to seek reconsideration of those decisions by filing a motion with that Court. (*Id*). With respect to Hugo's new requests for grand jury documents, the Court directed Hugo to seek public records from the Clerk's Office. (*Id.*). Finally, the Court held that Hugo failed to show that any of the non-public documents he sought were needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure was greater than the need for continued secrecy, or that the request was structured to cover only that material that was needed. (*Id.*).

1

On October 30, 2025, a jury returned a verdict finding Hugo guilty of unlawfully possessing a firearm. *Hugo*, No. 24-CR-567, Dkt. 199. Hugo filed a litany of post-trial motions, which have been denied, making the same frivolous arguments that both Judge Pacold and this Court have repeatedly rejected. (Dkt. 6); *see also Hugo*, No. 24-CR-567, Dkts. 224, 227, 231, 234. Hugo now asks the Court to reconsider its October 25, 2025 Order. (Dkt. 7).

## **LEGAL STANDARD**

Motions to alter or amend a judgment under Rule 59(e) are routinely referred to as motions for reconsideration.[1] "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). A manifest error is "not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Rather, a manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). A Court may commit a manifest error of fact if it ignores, overlooks, or misapprehends the facts before it. *See, e.g., United States v. Bills*, 2018 WL 6697180, at *2 (N.D. Ill. Dec. 20, 2018). Rule 59(e) provides a narrow and extraordinary remedy, with the moving party bearing a heavy burden. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022); *see also Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) ("Relief under Rule 59(e) is an extraordinary remed[y] reserved for the exceptional case.") (internal citation omitted). A motion for reconsideration is not a vehicle for rehashing lost arguments or advancing theories or evidence that should have come out before the Court entered final judgment. *See Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019).

## **DISCUSSION**

In his Motion for Reconsideration, Hugo restates the unfounded allegations and theories that this Court and others have squarely rejected during his criminal proceedings before Judge Pacold. (Dkt. 7). He does not present any newly discovered evidence or establish a manifest error of law or fact, so he does not meet the high burden under Rule 59(e). *See, e.g., Emerson*, 109 F.4th at 943 (affirming denial of a Rule 59 motion for reconsideration where plaintiff did not present newly discovered evidence or a manifest error of law or fact).

First, Hugo claims that a private investigator hired by himself and others to investigate

---

[1] Hugo does not indicate whether he is bringing his Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). (Dkt. 7). Rule 59(e) allows a party to move the Court to alter or amend a judgment within 28 days after the entry of that judgment. Fed. R. Civ. P. 59(b), (e). In comparison, under Rule 60(b), a party may ask the Court for relief from a final judgment, order, or proceeding for specific, enumerated reasons. Fed. R. Civ. P. 60(b). A Rule 60(b) motion is not subject to the same time constraint as a Rule 59(e) motion; it needs only to be brought "within a reasonable time." Fed. R. Civ. P. 60(c). Hugo filed his Motion on November 18, 2025, which is within the 28-day period for filing Rule 59(e) motions. (Dkt. 7). Additionally, he does not raise any of the issues contemplated by Rule 60(b). (Dkt. 310). Accordingly, the Court construes his Motion as a Motion for Reconsideration under Rule 59(e). *See Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019) (noting that the important question for categorizing a motion for reconsideration is the timing; if a motion was filed within 28 days of judgment it should be construed as a Rule 59(e) motion).

"fraudulent indictments" and "unlawfully impaneled. . . and convened" grand juries found that there have been no lawful grand juries impaneled since 2022 and that government officials are engaging in a criminal conspiracy. (Dkt. 7 at 1-2). Hugo offers no evidence of this purported investigation. Without any foundation, these claims do not constitute newly discovered evidence. *See, e.g., Foodworks USA, Inc. v. Foodworks of Arlington Heights, LLC*, 2012 WL 6016902, at \*3 (N.D. Ill. Dec. 3, 2012) (holding that assertions made without evidentiary support do not constitute newly discovered evidence for the purpose of a motion to reconsider).

Hugo also attached a letter from the Clerk's Office responding to Hugo's request for more information about a document he received in discovery that appears to be part of grand jury materials. (Dkt. 7 at 5-8). The Clerk's Office informed Hugo that it does not maintain grand jury records. (*Id.* at 8). Hugo claims that this is evidence of fraud and conspiracy. (*Id.* at 3). In denying Hugo's Motion to Compel, the Court informed Hugo that Local Criminal Rule 6.2 specifies which grand jury materials are available to the public and explained that only the Chief Judge may order the release of non-public records if the requisite standard is met. (Dkt. 6). In accordance with these procedures, the Clerk's Office did not have and could not provide the documents Hugo requested. (Dkt. 7 at 5-8). As such, this "evidence" is not grounds for reconsideration.

The rest of Hugo's Motion constitutes a recital of arguments previously rejected by this Court and Judge Pacold. (Dkt. 7 at 1-5). For instance, Hugo reasserts that the alleged criminal conspiracy constitutes an injustice that justifies releasing the grand jury materials he requests. (Dkt. 7 at 2-3). Hugo made the same claim in his Motions to Compel, which the Court considered and rejected in its Order. (Dkt. 1 at 6-7); (Dkt. 2 at 6-7); (Dkt. 6). A motion for reconsideration is "not to be used to rehash previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (internal citation omitted). To the extent that Hugo asserts new arguments, the Court cannot consider them at this stage. *See Barrington*, 924 F.3d at 968 ("Rule 59(e) does not allow a party to advance arguments that could and should have been presented to the district court prior to judgment."). Hugo may disagree with the Court's Order, but disagreement is not a basis for reconsideration. *See Dyal v. PirTano Constr., Inc.*, 2018 WL 4917810, at \*1 (N.D. Ill. Oct. 10, 2018) ("Disagreement with the Court's decision is not an appropriate basis for reconsideration."); *Swanigan v. Trotter*, 2013 WL 1114115, at \*1 (N.D. Ill. Mar. 18, 2013) ("It is inappropriate for the Plaintiff to file a motion for reconsideration merely because he disagrees with the Court."). In sum, Hugo does not sufficiently raise new evidence or establish a manifest error of law or fact.

**CONCLUSION**

For the foregoing reasons, the Court denies Hugo's Motion for Reconsideration [7].

Virginia M. Kendall
United States District Judge

Date: April 3, 2026